# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FRAME, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:19CV274 RLW |
| SCOTT L. GARCIA, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on separate motions seeking to enforce competing versions of a proposed settlement agreement between Plaintiffs James Frame and Jayni D. Frame and Defendants Scott L. Garcia and Premier Estate and Income Planning, LLC. (ECF Nos. 11 & 15) After careful consideration, the Court denies both motions, in part, as they each seek enforcement of their competing versions of the purported settlement agreement. The Court grants both motions, in part, as they seek to enforcement of the previously agreed to terms. Finally, the Court orders the parties to, among other things, file a consent judgment under seal to be unsealed if Defendants default on their obligations under the settlement and Plaintiffs act to enforce it.

## BACKGROUND

This case arises from alleged securities fraud and related causes of action. On February 21, 2019, Plaintiffs filed this action asserting the following claims against Defendants: violations of the federal Securities Act, 15 U.S.C. § 77e and § 77l (Counts I & II); violations of the Missouri Uniform Securities Act, Mo. Rev. Stat. § 409.5-509(b) (Counts III, IV, V, & VI);

breach of fiduciary duty (Count VII); fraud (Count VIII); negligent misrepresentation (Count IX); respondeat superior (Count X). (Compl. ECF No. 1)

On March 20, 2019, Defendants' counsel sent a letter via email to Plaintiffs' counsel, stating they "[had] been retained by Scott Garcia to assist him in attempting to reach a negotiated settlement of the claims that your clients, James and Jayni Frame, have filed against him and his limited liability company, Premier Estate and Income Planning, LLC." (Ex. A, ECF No. 15-1) On April 10, 2019, Defendants' counsel drafted and forwarded a proposed settlement agreement to Plaintiffs' counsel. (Ex. B, ECF No. 15-2) Over the next several weeks, counsel for the parties exchanged edits to the proposed settlement agreement via email. On April 24, 2019, Defendants filed a motion with the Court for a one-month extension of time to answer, move, or otherwise plead in response to Plaintiffs' Complaint, noting that "the parties have agreed in principle to a settlement of this matter and in the process of working out the details of a formal written settlement agreement that memorializes the same." (ECF No. 6) The Court granted the request. (ECF No. 7)

The issue at the heart of the pending motions to enforce concerns the timing of a consent judgment. On April 29, 2019, Defendants' counsel sent a revised version of the proposed settlement agreement. (Ex. H, ECF No. 15-8) The phrases in dispute are contained in section 4 of the proposed settlement agreement, titled "Mutual Dismissal with Prejudice and Consent Judgment," and appear below in bolded and underlined font:

> As further consideration for the Frames entering into this Settlement Agreement and filing the Dismissal, Garcia and Premier shall execute and consent to the entry of a final judgment . . . (the "Consent Final Judgment"). The Frames agree that they will not make any attempt to **have the Consent Judgment entered, nor will they attempt to** execute upon the Consent Final Judgment as long as Garcia and Premier make all monthly payments as required under this Settlement Agreement. In the event of default under this Settlement Agreement, the Frames shall, upon written notice of default and the expiration of a cure period of fifteen (15) calendar

- 2 -

days beginning upon mailing of notice of default, be entitled to **have the Consent Judgment entered and to** execute on the Consent Final Judgment.

(*Id.* at 4) (emphasis added)[1] Later that same date, Plaintiffs' counsel responded via email striking the two disputed phrases. (Ex. I, ECF No. 15-9) On April 30, 2019, Defendants' counsel sent the following email response to Plaintiffs' counsel and stated:

> I am fine with paragraph 4 as you suggest, which is reflected in the attached final version of the document. I don't believe that Brian and I discussed the timing of the filing of the consent judgment. But in the final analysis, I don't think that makes much difference when it is actually filed, because the key is that it will not be executed upon unless and until any uncured default occurs. And the agreement so provides.
>
> So, I believe the documents should now be sent to our respective clients for signatures. Let's attempt to exchange fully signed documents tomorrow. Please let me know if there are any other issues.

(Ex. J, ECF No. 15-10)[2]

On May 1, 2019, Defendants' counsel emailed Plaintiffs' counsel stating Defendants opposed the consent judgment being filed unless and until they defaulted on their obligations under the settlement agreement because he feared it being part of the public record could negatively impact his business. (Ex. L, ECF No. 15-12) On May 6, 2019, Plaintiffs' counsel responded as follows: "We negotiated and had an agreement as to the entry of a consent judgement[sic], which has always been a material term and is critical in light of the other terms and the payment plan. We expect to forward an executed agreement to you later today." (Ex. M, ECF No. 15-13) On May 8, 2019, Plaintiffs' counsel sent a copy of the settlement agreement

---

[1] As explained elsewhere in this Memorandum and Order, the parties have agreed to a confidentiality provision as part of their proposed settlement agreement. Accordingly, the Court has omitted the exact dollar amount as stated in their agreement.

[2] After conducting an internet search, it is the Court's understanding that "Brian" refers to Brian St. James, an attorney at Plaintiffs' counsel's law firm. Mr. St. James, however, is not a named attorney in this matter and the parties did not explain to whom "Brian" referred in their briefing.

signed by Plaintiffs and without the disputed provisions as well as a copy of the consent judgment for Defendant Scott Garcia to sign. (Ex. N, ECF No. 15-14)

On May 10, 2019, Plaintiffs' counsel emailed Defendants' counsel to inquire about the status of the signatures. (Ex. O, ECF No. 15-15) Later that same date, Defendants' counsel responded, "I believe that you will receive today the first payment and a signed copy of the correct version of the Settlement Agreement and Consent Judgment." (Ex. P, ECF No. 15-16) Defendant Scott Garcia, in fact, made a payment to Plaintiffs' operating account that day. (Ex. Q, ECF No. 15-17) Later that same date, Defendants filed their motion to enforce their proposed version of the settlement agreement containing the disputed phrases. (ECF No. 11) On May 16, 2019, Plaintiffs filed their separate motion to enforce their competing version of the settlement agreement without the disputed phrases. (ECF No. 15) Both motions are fully briefed and ready for disposition.

## **LEGAL STANDARD**

"This Court has the inherent power to enforce settlement agreements. In Missouri, a party seeking specific performance of a settlement agreement bears the burden of demonstrating the existence of the agreement by clear, convincing, and satisfactory evidence." *Thompson v. Greyhound Lines, Inc.*, No. 4:12-CV-2014 CAS, 2013 WL 6079366, at *3 (E.D. Mo. Nov. 19, 2013) (citation omitted). The law of contracts governs settlement agreements, meaning the party seeking to enforce a settlement must prove there was a valid offer, acceptance, and consideration. *Id.* (citing *Kenney v. Vansittert*, 277 S.W.3d 713, 722 (Mo. Ct. App. 2008); *Ste. Genevieve Cty. Levee Dist. # 2 v. Luhr Bros., Inc.*, 288 S.W.3d 779, 783 (Mo. Ct. App. 2009)). Importantly, "[t]he absence of a signed agreement, in itself, does not imply that no agreement was reached. *Id.* (citing *Visiting Nurse Ass'n, St. Louis v. VNA Health Care, Inc.*, 347 F.3d 1052,

1054 (8th Cir. 2003). If the Court determines a valid settlement agreement exists, it may order the parties to execute a settlement release as a form of specific performance. *Id.* (citing *Kenney*, 277 S.W.3d at 722).

## DISCUSSION

### I. Competing versions of the purported settlement agreement

The parties agree that there is an enforceable settlement agreement between them, but they disagree about the inclusion of two specific provisions concerning the entry of a consent judgment. Plaintiffs argue Defendants' counsel had actual or apparent authority to negotiate a final settlement on behalf of Defendants and Defendants' counsel accepted the terms as they were on April 30, 2019. Accordingly, Plaintiffs argue the settlement agreement without the disputed terms constitutes a valid, enforceable contract. The Court notes, however, the fact that Defendants' counsel repeatedly stated in emails that he was relaying information to and from Defendants and that he needed to obtain Defendants' signature for the agreement to be final certainly indicates defense counsel did not have *final* authority over the matter.

Defendants argue other sections of the settlement imply the consent judgment would not be filed unless and until Defendants defaulted on their obligations and the cure period elapsed. For example, the parties agree that the relevant section of the proposed settlement agreement provides: "*In the event that the Consent Judgment is entered* and any attempt to execute on it is begun, the Frames shall simultaneously file a partial satisfaction of judgment in the amount of the total of all settlement payments made by Garcia and Premier as of that date." (Ex. E, ECF No. 12-4 at 4) (Ex. K, ECF No. 15-11 at 4) (emphasis added) Accordingly, Defendants maintain their suggested provisions merely clarify the parties' purported agreement that the consent judgment not be filed with the Court unless and until Plaintiffs seek to enforce it. On the other

- 5 -

hand, Plaintiffs assert they would be left in a lurch if the consent judgment was not filed simultaneously with the settlement agreement and stipulation for dismissal as they would need to hold onto the document for up to ten years in the event Defendants defaulted.

After careful consideration, the Court denies the parties' separate motions, in part, as they seek to enforce their competing versions of the settlement agreement. Rather, the Court concludes the best resolution of the matter is for the parties to file their proposed consent judgment under seal to be unsealed if Defendants default on their obligations under the proposed settlement agreement and Plaintiffs act to enforce it. Local Rule 13.05(A)(1) provides that, "[u]pon a showing of good cause, the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal." As explained further below, the proposed settlement agreement contains a confidentiality provision that explicitly allows for otherwise confidential information to be shared for the purposes of enforcing the agreement. It is evident from the record, however, that Defendants anticipated the exact terms of the settlement should remain confidential and not part of the public record unless and until they default on their obligations. Accordingly, the Court finds good cause to permit the parties to file a consent judgment under seal in order to allow ease in enforcement should the need arise while also maintaining the parties' requested confidentiality.[3]

In light of the parties' efforts to negotiate a resolution to this matter and their agreement on all but the singular issue concerning the timing of the filing of the consent judgment, the Court concludes the most prudent solution is to order the parties to insert the following language,

---

[3] The Court notes that the parties could have sought leave to file the proposed consent judgment under seal, which the Court would have granted.

appearing below in bolded and underlined font, to section 4 of the proposed settlement agreement as offered by Plaintiffs:

> As further consideration for the Frames entering into this Settlement Agreement and filing the Dismissal, Garcia and Premier shall execute and consent to the entry of a final judgment . . . (the "Consent Final Judgment") **<u>to be filed with the Court simultaneously with the notice of dismissal and accompanied by a joint motion for leave to file under seal</u>**. The Frames agree that they will not make any attempt to execute upon the Consent Final Judgment as long as Garcia and Premier make all monthly payments as required under this Settlement Agreement. In the event of default under this Settlement Agreement, the Frames shall, upon written notice of default and the expiration of a cure period of fifteen (15) calendar days beginning upon mailing of notice of default, be entitled to execute on the Consent Final Judgment **<u>at which time the Frames may file an appropriate motion to unseal the Consent Final Judgment</u>**.

The parties shall draft and sign a settlement agreement reflecting this amendment within fourteen days of this Memorandum and Order.

## II. Requests for attorneys' fees

As part of their separate motions to enforce their competing versions of the proposed settlement agreement, both parties request the Court award reasonable attorneys' fees their counsel incurred in briefing their separate motions. The Court concludes that neither party is entitled to such relief. As explained above, it is not clear whether Defendants' counsel had actual or apparent authority to enter into a final contract on April 29, 2019 such that the attempt to add the disputed provisions back into the proposed settlement agreement on May 1, 2019 was an improper unilateral change of a material term. However, it is also not clear whether Defendant Garcia's payment on May 10, 2019 was proper as the proposed settlement agreement had not been signed by all parties. In consideration of these facts and the parties' failure to seek leave to file the consent judgment under seal, which could have avoided the need for these motions, the Court declines to award attorneys' fees to either party.

### III. Defendants' request for sanctions

In addition to requesting attorneys' fees, Defendants request the Court impose sanctions upon Plaintiffs for breaching the confidentially provision of the proposed settlement agreement. (ECF No. 19) The provision provides, in relevant part, that "[t]he parties and their respective attorneys agree that *except to the extent necessary to enforce this Settlement Agreement*, as otherwise required by law, they shall keep the terms of this Settlement Agreement strictly confidential." (Ex. E, ECF No. 12-4 at 4) (Ex. K, ECF No. 15-11 at 4) (emphasis added)

Defendants' motion to enforce and accompanying memorandum of law were both filed on the public docket. (ECF Nos. 11 & 13) However, Defendants sought and was granted leave to file relevant documents, which included certain emails and the proposed settlement agreement with the disputed provisions, under seal. (ECF Nos. 10, 12, & 14) Plaintiffs did not seek to file any briefs or documents under seal and their motion, memoranda of law in support of their motion and in opposition to Defendants' motion, and all attached exhibits were initially available on the public docket. (ECF Nos. 15, 16, 17, & 21) On May 24, 2019, Defendants filed a request for the Court to seal Plaintiffs' filings, citing the confidentially provision and arguing that "[i]t was absolutely unnecessary for Plaintiffs to include the confidential settlement payment amounts and terms in their motion papers at all, as those terms are not in dispute." (ECF No. 22) The Court granted the request and sealed the specific filings. (ECF No. 25)

Defendants' request for sanctions is denied. The Court notes that public disclosure of precise terms of the settlement would not be necessary for either party to act to enforce the proposed settlement agreement. Nevertheless, the Court does not find Plaintiffs' filing establish an intentional and bad faith breach of the confidentiality clause.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Scott L. Garcia and Premier Estate and Income Planning, LLC's Motion to Enforce Settlement Agreement (ECF No. 11) is **DENIED, in part,** as it relates to their version of the purported settlement agreement **and GRANTED, in part**, as it relates to enforcement of the previously agreed to terms.

**IT IS FURTHER ORDERED** that Plaintiffs James Frame and Jayni D. Frame's Motion to Enforce Settlement Agreement and Award Attorney's Fees (ECF No. 15) is **DENIED, in part,** as it relates to their version of the purported settlement agreement **and GRANTED, in part**, as it relates to enforcement of the previously agreed to terms.

**IT IS FURTHER ORDERED** that within fourteen (14) days of this Memorandum and Order the parties shall: (1) draft and sign a settlement agreement with terms consistent with this Memorandum and Order; (2) file a joint stipulation for dismissal stating the Court shall retain jurisdiction to enforce settlement; and (3) file a consent judgment under seal to be unsealed if Defendants default on their obligations under the settlement and Plaintiffs act to enforce it.

**IT IS FINALLY ORDERED** that the parties' separate requests for attorneys' fees and Defendants' request for sanctions are **DENIED**.

Dated this 17th day of March, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE